```
IN THE UNITED STATES DISTRICT COURT FOR THE
           EASTERN DISTRICT OF OKLAHOMA
```

ELIZABETH SHEREE MATHES,       )
                               )
            Plaintiff,         )
                               )
v.                             )     Case No. CIV-12-184-RAW-KEW
                               )
CAROLYN W. COLVIN, Acting      )
Commissioner of Social         )
Security Administration,       )
                               )
            Defendant.         )

## REPORT AND RECOMMENDATION

Plaintiff Elizabeth Sheree Mathes (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on July 9, 1961 and was 49 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant has worked in the past as a computer operator and data entry employee. Claimant alleges an inability to work beginning December 31, 2007 due to limitations resulting from carpal tunnel syndrome, degenerative disk disease, and shoulder

problems.

**Procedural History**

On December 31, 2008, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On September 14, 2010, an administrative hearing was held before ALJ Edward L. Thompson in Ardmore, Oklahoma. On December 9, 2010, the ALJ issued an unfavorable decision on Claimant's application. The Appeals Council denied review of the ALJ's decision on February 21, 2012. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform her past relevant work.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) reaching an RFC assessment which is not supported by substantial evidence; and (2) failing to properly evaluate the medical opinions of Claimant's

treating physicians.

**RFC Assessment**

In his decision, the ALJ determined Claimant suffered from the severe impairments of cervical degenerative disk disease, complex regional pain syndrome, mild bilateral ulnar neuropathy, history of multiple hand surgeries and left shoulder surgery, and depression. (Tr. 15). He also found Claimant retained the RFC to perform her past relevant work as a data entry employee, which the vocational expert testified constituted sedentary semi-skilled work. (Tr. 23).

Claimant contends that the ALJ erred in his RFC assessment. Claimant states that the ALJ should have included manipulative limitations. In his RFC evaluation, the ALJ concluded Claimant retained the RFC to perform a limited range of light work, finding she could occasionally lift and/or carry (including upward pulling) 10 pounds and frequently lift and/or carry (including upward pulling) 10 pounds. He found Claimant could stand and/or walk (with normal breaks) for 6 hours of an 8-hour workday and sit (with normal breaks) for 6 hours of an 8-hour workday. Pushing and/or pulling (including operation of hand and/or foot controls) was unlimited up to the pounds specified for lifting and/or carrying. Claimant RFC for light work was diminished by significant

5

nonexertional limitations, in that Claimant was found to have the mental limitations that she could perform simple and some complex tasks, could relate to others on a superficial work basis, could adapt to a work situation, and could relate incidentally with the general public. (Tr. 16-17).

The record is replete with references to Claimant's complex regional pain syndrome in her bilateral upper extremities. (Tr. 421, 425, 629, 674). The ALJ acknowledges such by finding the condition to represent a severe impairment. (Tr. 15). Claimant also underwent multiple surgeries to her hands, wrists, and elbows. (Tr. 402, 642, 648). Claimant experienced pain, numbness, and weakness from her elbows to her fingers evidenced by positive Tinel's and Phalen's testing, weakness, abnormal sensation, EMG evidence of carpal and cubital tunnel syndromes, crepitus, and severe tenderness. (Tr. 374, 376, 379, 381, 401, 627, 629, 631, 633, 637, 639, 641-42, 646, 648-49, 651-52). Again, the ALJ found these conditions to be severe impairments. (Tr. 15).

At step four, an "ALJ must evaluate a claimant's physical and mental [RFC]." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008)(quotation omitted). RFC represents "the most [that the claimant] can still do despite [her] limitations," 20 C.F.R. § 404.1545(a)(1), and must include "all of [the claimant's] medically

determinable impairments," 20 C.F.R. § 404.1545(a)(2). An explanation should be provided when, as here, an impairment found to be severe at step two is determined to be insignificant in later stages of the sequential evaluation. *See* Timmons v. Barnhart, 2004 WL 2005931, 4 (10th Cir. (Okla.)) (finding the ALJ should have "explained how a 'severe' impairment at step two became 'insignificant' at step five.") [unpublished opinion]; see also Hamby v. Astrue, 2008 WL 63485, 3 (10th Cir. (Okla.))[unpublished opinion].

The ALJ is required to discuss the basis for failing to include any limitations associated with Claimant's ability to manipulate her upper extremities after finding the impairments which might lead to such limitations are severe. On remand, the ALJ shall explain this omission.

**Evaluation of Treating Physician's Opinions**

Claimant asserts the ALJ failed to properly evaluate the opinions of her treating physicians, Dr. Darryl Robinson and Dr. Robert Unsell. Dr. Robinson opined that Claimant's neck and upper extremity limitations would drastically hamper her use of a keyboard and/or ten key. (Tr. 256). Dr. Unsell offered the opinion that Claimant experienced severe pain on her left thumb and right long finger. He also stated that Claimant's underlying

7

osteoarthritis which was fairly diffuse precludes her from doing a lot of fine repetitive activities and preclude her from doing repetitive lifting over 5 pounds. (Tr. 372).

A review of the bases for rejecting these opinions demonstrates that the ALJ did not engage in the proper analysis required in weighing the opinions of treating physicians. In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the

nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

In this case, the ALJ gave the treating physicians' opinions "little weight" as not being supported by the medical record. (Tr. 22-23). Much of the ALJ's analysis appears to have been an attempt to reinterpret the evidence such that it supported a finding of

9

non-disability.  Dr. Robinson's and Dr. Unsell's testing well-supported their opinions as to Claimant's functional capacity.  On remand, the ALJ shall re-evaluate the treating physicians' opinions in light of <u>Watkins</u> and the supporting treatment records.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied.  Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.  The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 6th day of September, 2013.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE